## JACOB TURNER

*v.*

## CHRISTOPHER SPICER and LOUIE A. SPICER, his wife.

[Submitted March 8th, 1920. Decided March 15th, 1920.]

1. In a suit by an executor and sole devisee of a decedent seeking to compel the defendants to convey to him real estate, the title to which the decedent had placed in defendants' names—*Held,* that under section 4 of the Evidence act testimony by the defendants that decedent took title in their names for fear that a second mortgagee might resort to the property is inadmissible.

2. Where a decedent placed the title to property in the names of the defendants, and one of the defendants prepared and delivered to her a lease for life, reserving no rent, and providing that the defendants should at the decedent's option, convey title for one dollar, and decedent, about an hour before her death, signed a letter directing reconveyance—*Held,* that though the letter did not reach the defendants until after her death, there was a sufficient exercise of the option.

3. Where decedent placed the title to property in the names of the defendants, they could not, by preparing and delivering a so-called lease and option, require the decedent to demand reconveyance in her lifetime, and the sole devisee of the decedent is entitled to equitable aid to compel the defendants to convey the property.

On pleadings and proofs.

*Mr. Frank A. English,* for the complainant.

*Mr. James H. Bolitho,* for the defendants.

FOSTER, V. C.

Complainant, who was the husband of Sarah J. Turner, deceased, and is the executor and sole devisee under her will, seeks the conveyance to him by the defendants of certain real estate in Dover, title to which Mrs. Turner had placed in their names.

Some time in 1911 Mrs. Sarah J. Spicer, who married the complainant about three years later, purchased from DeWitt R. Hummer and wife the land in question for $600, and at her request Hummer and wife by deed dated August 16th, 1911, conveyed the property to defendants, who about October 9th, 1911, made a lease to her of the land, and of the house which decedent had in the meantime built thereon at a cost of about $2,700. This lease was drawn by the defendant Christopher Spicer and states it is

"for the term of a life time, to commence on the ninth day of October, A. D. 1911, at the yearly rent of keeping the house in repair and paying the taxes for the same payable whenever such bills may come due, with an option to buy the house and lot for the sum of one dollar ($1$^{00}$/100) at any time she wants to during her life."

It was signed by both defendants, but not by Mrs. Turner, and it is not clear that she ever saw it, or knew of its terms.

In addition to paying for the property the decedent also paid all taxes, insurance premiums and other fixed charges upon the property and collected and kept the rents therefrom until her death on April 15th, 1919. The defendants had no financial interest in the property and made no disbursements on account of it until after Mrs. Turner's death, when they paid the taxes for 1919. Mrs. Turner was about seventy-five years old when she died and had been married to complainant about five years, and her last will and testament, executed on October 21st, 1914, in which she bequeaths and devises all of her estate, after the payment of debts and funeral expenses, to complainant, has been duly admitted to probate.

On the morning of April 15th, 1919, within an hour or two of her death Mrs. Turner wrote to the defendant, Mrs. Spicer, who was her niece, and requested defendants to make a deed to her for the property, and in this letter she enclosed a signed check to Mrs. Spicer's order, with the request for her to fill in the amount necessary to pay for the preparation of the deed and for the care of a burial plot of a relative. This letter was duly deposited in the post office and was postmarked at noon, about the same moment Mrs. Turner died, and it was delivered to Mrs. Spicer the following morning, before she had learned of

Mrs. Turner's death, and later that day Mrs. Spicer informed her husband of its contents, and then destroyed the letter, but kept the envelope and blank check. Defendants have since refused to convey the property to complainant on the ground that under the terms of the lease Mrs. Turner was obliged to exercise her option to purchase the property during her lifetime, and that she never exercised this option while living, as the attempt to do so which she made by this letter, was not communicated to defendants until after she was dead, and upon the further ground that as Mrs. Turner's purpose in placing title to the property in defendants was to defraud a creditor who had not realized anything on a second mortgage which he held against other property of Mrs. Turner's, a court of equity should not lend its aid to set aside a conveyance made in fraud of third parties.

On this latter ground, at the hearing testimony was received from the defendants, when cross-examined as complainant's witnesses, which went to establish that Mrs. Turner's reason for placing title to the property in defendants was the fear that the second mortgagee mentioned might resort to this property for the satisfaction of his debt if title were in her name, and I am satisfied this testimony is inadmissible under section 4 of the Evidence act, as complainant in suing in this action as her sole devisee, is suing in a representative capacity. *Kleb* v. *Kleb, 70 N. J. Eq. 305; affirmed, 71 N. J. Eq. 787.* And the record leaves defendants without support on this contention.

The question remaining to be determined is the effect of the letter in which Mrs. Turner requested defendants to convey the property to her. As I view the testimony of defendants they are admittedly trustees of the property; aside from the taxes of 1919 they have no financial or other interest in the property; the so-called lease and option were prepared by Mr. Spicer without any request from Mrs. Turner, and does not correctly state the true relations of the parties in respect to the property. On the witness-stand defendants frankly admitted they did not own and did not know if they had any interest in the property and left it for the court to determine to whom the property belonged.

If I considered the lease and option as correctly stating the relation of the parties in respect to the property, there would be no difficulty in reaching the conclusion that Mrs. Turner had exercised her option to purchase the property in her lifetime, and that she evidenced this fact by the letter she wrote to defendants; and as it was not a condition of the option that defendants must be informed during her lifetime that she had exercised the option, she did, while living, all she was by the terms of the option required to do. But under the facts in the case the determination of the question in favor of complainant can also be placed upon the ground that the option did not correctly state the relation of the parties in respect to the property and therefore the performance of its terms and conditions by Mrs. Turner was wholly unnecessary and immaterial, as she was admittedly dealing with her own property and her failure to act respecting it, as the option required, if there were such failure, is without significance and cannot be permitted to operate as a forfeiture of her property and to defeat the disposition of it which she had made by her will. Complainant as the representative of Mrs. Turner is entitled to the benefit of the option which she exercised during her life, and as such representative he is also entitled to have defendants, as trustees of the property for Mrs. Turner, convey the same to him for the benefit of her estate.

A decree will be advised in accordance with the prayer of the bill.